Keith A. Slep, Esq. Town Attorney Town of Wellsville P. O. Box 1237 Wellsville, N Y 14895
Dear Mr. Slep:
You have requested an opinion regarding whether Allegany County, in choosing the method of dispatch used by its County-wide enhanced 911 service (E911), may turn over the dispatch of emergency services for several towns and hamlets in the County to the Village of Wellsville Police Department.
You have informed us that prior to the establishment of E911 service in Allegany County, the Village of Wellsville Police Department operated its own 911 communications and dispatch center. Emergency calls were received by the Wellsville Police Department from the entire 593 exchange, which includes the Towns of Wellsville, Willing, Scio and Alma and the Hamlets of Allentown and Petrolia. The Wellsville Police Department received all emergency calls and dispatched the appropriate agency. The Village of Wellsville had written agreements with each town and hamlet and charged a nominal fee for the dispatch service.
In 1992, Allegany County passed a local law establishing a County-wide enhanced 911 service. All localities within Allegany County are now serviced by the County-wide E911 service, including those previously serviced by the Wellsville Police Department. However, you have told us that the towns and hamlets previously serviced by the Wellsville Police Department dispatch center wish to once again have their emergency calls dispatched by the Wellsville Police Department. Accordingly, you inquire whether the County, consistent with the E911 statutory authorization, may turn over the dispatch of emergency services for these towns and hamlets to the Village of Wellsville Police Department.
County Law, article 6, authorizes municipalities[1] "to adopt, amend or repeal local laws to impose a surcharge in an amount not to exceed thirty-five cents per [telephone service] access line per month on the customers of every service supplier within such municipality to pay for the costs associated with obtaining, operating and maintaining the telecommunication equipment and telephone services needed to provide an enhanced 911 emergency telephone system to serve such municipality." County Law, art 6, § 303(1).
The Legislature enacted article 6 to provide municipalities with a mechanism to assist them in obtaining, operating and maintaining an E911 system. The statute's aim was to increase the potential for providing E911 service to all citizens of the State. In the "Legislative findings and declaration of intent" found in County Law, article 6, § 300, the Legislature stated as follows:
The legislature recognizes the paramount importance of the health, safety and welfare of the citizens of the state and further recognizes that when the lives or property of its citizens are in imminent danger that timely and appropriate assistance must be rendered.
The legislature recognizes further that such assistance is almost always summoned by telephone and that a multiplicity of emergency telephone numbers exist within any one county and that unintentional, though avoidable, delays in reaching appropriate emergency aid can and do occur to the detriment and jeopardy of life and property.
. . .
The legislature finds that the enhanced emergency telephone service known as E911 provides substantial benefits beyond basic 911 systems through the provision of selective routing and automatic number and location identification and that these enhancements not only significantly reduce the response time of emergency services but also represent the state of the art in fail-safe emergency telephone system technology.
. . .
It is clear from the statute and the "Legislative findings and declaration of intent" that the Legislature intended to transfer to counties outside the City of New York that establish E911 service the function of dispatching emergency services on a county-wide basis. Municipalities that establish E911 service must operate at least one public service answering point within and serving the E911 service area (i.e., the entire municipality) on a twenty-four hour basis. County Law, art 6, § 308(1).
Allegany County's 1992 local law, enacted under County Law, article 6, established an enhanced 911 emergency telephone system to serve Allegany County and provided that "[a]t least one public service answering point within and serving the 911 service area shall be operated on a twenty-four hour basis. Such answering point or points shall be determined by resolution of the Board." County of Allegany, Local Law No. 1, § 8 (January 29, 1992).
Prior to the establishment of E911 service and the imposition of a telephone surcharge therefor, Allegany County passed a resolution "[e]stablishing and designating the location of an Allegany County Fire and Emergency Communications and Dispatch Center and merging therein and transferring thereto the operations of the Allegany County Fire Control Center." County of Allegany, Resolution No. 240-88. This resolution established a fire and emergency communications and dispatch center, known as the "Allegany County Fire and Emergency Communications and Dispatch Center," located in the Office of Emergency Services, County Office Building, Belmont, New York.
When Allegany County enacted Local Law No. 1 establishing E911 service, all emergency dispatch functions within the County were transferred to the County pursuant to County Law, article 6. Accordingly, Allegany County was entrusted with the selection and establishment of at least one public service answering point within the County. The Allegany County legislative body chose to have all emergency services within the County dispatched from the Allegany County Fire and Emergency Communications and Dispatch Center, located in the Office of Emergency Services, County Office Building, Belmont, New York.
In a prior opinion of this office, involving County Law article 6, we stated that
[i]n our view, the statute clearly evinces the intent to establish a funding mechanism to support an E911 service that would coordinate the activities of public safety agencies throughout the county and not merely to upgrade [911] service in individual municipalities within the county. The transfer by a county of responsibility for operating the E911 system to towns, villages or police agencies within the county, would be contrary to the legislative intent. E911 is designed to coordinate emergency response in the county without regard for municipal boundaries. Such a centralized system helps to ensure the availability of needed assistance. Op Atty Gen (Inf) No. 94-34.
Accordingly, Allegany County, having established E911 service, may not turn over to the Village of Wellsville Police Department the dispatch of emergency services for the Village of Wellsville, the Towns of Wellsville, Willing, Scio and Alma, and the Hamlets of Allentown and Petrolia.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
YVONNE M. HOVE
Assistant Attorney General
[1] A municipality is defined as "any county except a county wholly contained within a city and any city having a population of one million or more persons." County Law, art 6, § 301(1).